COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Humphreys and Clements
Argued at Alexandria, Virginia


ROY LYNWOOD SHEPPARD

v.        Record No. 3230-02-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
APRIL 6, 2004


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

Bradley L. Buster, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


        Roy Lynwood Sheppard was convicted in a jury trial of grand larceny, in violation of Code

§ 18.2-95, and statutory burglary, in violation of Code § 18.2-91.  On appeal, Sheppard contends the

trial court erred in denying his motion to strike the Commonwealth's evidence on the ground that

the evidence was insufficient, as a matter of law, to sustain his convictions.  Finding no error, we

affirm Sheppard's convictions.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

In accordance with familiar principles of appellate review, we view "the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." Johnson v. Commonwealth, 259 Va. 654, 662, 529 S.E.2d 769, 773 (2000).  So viewed, the evidence established that, at approximately 4:45 p.m. on November 21, 2001, the Wednesday before Thanksgiving, Sheppard entered the office of the Northern Virginia Center for Facial Plastic Surgery to inquire about hair replacement treatment.  At the Center, which was located in Suite 110 on the first floor of the five-story building at 12007 Sunrise Valley Drive in Reston, Virginia, Sheppard spoke with a nurse for about twenty minutes and then obtained an appointment for hair replacement treatment on December 21, 2001, at 2:00 p.m.

The office of the Frazer Wallace Advertising Company (Frazer Wallace) was located in Suite 200 on the second floor of the same building at 12007 Sunrise Valley Drive.  While the Frazer Wallace office normally closed at 5:30 p.m., it officially closed at 3:00 p.m. on November 21, 2001, for the Thanksgiving holiday and remained closed until 8:30 a.m. on Monday, November 26, 2001.  Consequently, by 3:30 p.m. on November 21, 2001, most of the company's twenty-five employees, including the receptionist who worked in the reception area by the office's main door and ordinarily greeted people when they entered the office, had left for the day.  Three employees, including Edward Joseph Gaughran, remained after hours to work late.

At approximately 5:15 p.m., Gaughran observed Sheppard come into his individual office with a clear plastic trash bag and empty the trash can under his desk.  After a short conversation with Gaughran about working late and the upcoming holiday, Sheppard left Gaughran's office.  Gaughran, who had previously worked late, knew Sheppard was not a member of the regular cleaning crew.  Gaughran left work at 8:30 p.m.  He did not see Sheppard again until Sheppard's trial.

At trial, Gaughran testified that, in order to get to his individual office from outside Frazer Wallace's office suite, one had to first enter the company's main door by the reception area. That door, Gaughran testified, was "always closed" because it had "an automatic closing mechanism." To go through that door, Gaughran testified, "you have to turn the handle." Once you release the door after pushing it open, Gaughran explained, "it will close" automatically.

On Monday, November 26, 2001, Susan Renee Ackman, the vice president for Frazer Wallace, was on her way to work when she received a call from the Frazer Wallace office notifying her that the office had been burglarized. Upon arriving at the office, she saw that the office had been "ransacked." One of the individual offices in the suite had been "turned upside down." In a storage room near the office's kitchen area, Ackman found an open bottle of wine that was three-quarters empty, a wine glass, and two pieces of paper that did not belong to the company. One of the pieces of paper was a letter addressed to "Mr. Roy Sheppard" and the other was an appointment card from the Northern Virginia Center for Facial Plastic Surgery showing an appointment for "12-21-01" at "2:00." After surveying the damage, Ackman called the police.

Ackman, who was responsible for "all the inventory" in the office, discovered that three items were missing from the office: a computer purchased by the company in February 2001 for $1,600 that was being used by employee Kerry Nelsen, a computer purchased in September 2001 for $1,200, and a Palm Pilot purchased in July 2000 for $499. At trial, Ackman testified that she had never seen Sheppard before and that he was not an employee of Frazer Wallace. Ackman further testified that she would have known if someone in the company had hired him because she did "all of the payroll for the company." Ackman also testified that, while the main door to the Frazer Wallace office was unlocked during office hours, it was kept shut.

On February 24, 2002, Detective Steven Michael Sulzinski interviewed Sheppard. During the interview, Sheppard made the following statement in reference to the burglary at Frazer Wallace:

> I went to an open door. I went in there and I picked up a laptop off of a desk and put it in the bag that was laying on the desk. Then someone came in when I was eating and drinking the wine. I was eating pretzels and a sandwich. I remember leaving my paperwork in the room because I got drunk. I left after the person left in the outside office and I went to Southgate. I get my dope from two young guys at Southgate.

On February 26, 2002, Detective Turner, accompanied by Detective Sulzinski, interviewed Sheppard. Sheppard told the detectives that he had taken a laptop computer from the Frazer Wallace office and taken it over to Southgate Square to trade it for drugs.

At trial, Sheppard moved, at the conclusion of the Commonwealth's evidence, to strike the Commonwealth's evidence as to both the grand larceny and burglary charges. He argued the Commonwealth's evidence was insufficient to convict him of grand larceny because there was no evidence that the value of the stolen items at the time of the theft was $200 or more. Sheppard also argued that the Commonwealth's evidence was insufficient to convict him of statutory burglary because there was no evidence of his unauthorized entry into the office of Frazer Wallace. The trial court denied Sheppard's motion to strike. Sheppard, who produced no evidence on his own behalf, then renewed his motion to strike, and the court again denied it.

The jury subsequently found Sheppard guilty of grand larceny, in violation of Code § 18.2-95, and statutory burglary, in violation of Code § 18.2-91. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

- 4 -

deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "In doing so, we must . . . regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). In considering an appellant's alternate hypothesis of innocence in a circumstantial evidence case, we must determine "not whether there is some evidence to support" the appellant's hypothesis of innocence, but, rather, "whether a reasonable jury, upon consideration of all the evidence, could have rejected [the appellant's] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt." Hudson v. Commonwealth, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003) (internal quotations omitted). "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997).

B. Grand Larceny

Sheppard contends that, because no one testified at trial as to the condition of the stolen items at the time they were stolen or as to the decrease in value of those items due to depreciation, the Commonwealth's evidence was insufficient, as a matter of law, to prove that the value of the property stolen was worth $200 or more. We disagree.

To sustain a conviction for grand larceny in this case, the Commonwealth had to prove beyond a reasonable doubt that the items stolen by Sheppard had a "value of $200 or more." Code § 18.2-95. "The value of the stolen property is measured as of the time of the theft, and the original purchase price may be admitted as evidence of its current value." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).

Here, viewed in the light most favorable to the Commonwealth, the evidence established that, on November 21, 2001, Sheppard stole two laptop computers and a Palm Pilot from the office of Frazer Wallace. One computer was purchased approximately two months before the theft for $1,200. The other computer was purchased approximately nine months before the theft for $1,600. The Palm Pilot was purchased approximately sixteen months before the theft for $499.

Although no evidence was presented concerning the depreciation or specific condition of the computers, the jury had evidence that the two computers were relatively new. One was only two months old, and the other—only nine months old—was still being used by an employee. The jury could reasonably infer from this evidence that the computers were in good working order when stolen and that, in light of the purchase prices and purchase dates, the value of the stolen equipment, in the aggregate, was greater than $200.

Relying on the Supreme Court's decision in Dunn v. Commonwealth, 222 Va. 704, 284 S.E.2d 792 (1981) (per curiam), Sheppard argues the Commonwealth was required to show

- 6 -

evidence of depreciation in order for the fact finder to be able to ascertain the value of the stolen equipment at the time of the theft. The facts in <u>Dunn</u>, however, are readily distinguishable from the facts in this case.

In <u>Dunn</u>, the defendant stole a typewriter that had been purchased ten years before the theft for $150. <u>Id.</u> at 705, 284 S.E.2d at 792. In finding the evidence insufficient to prove the typewriter had a value of $100 at the time of the theft, the Court noted as follows:

> While the original purchase price of an item may be admitted as evidence of its current value, there must also be "due allowance for elements of depreciation." <u>Gertler v. Bowling</u>, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960). Without a showing of the effect of age and wear and tear on the value of an item such as a typewriter, the jury might be misled to believe that original price equals current value.

<u>Id.</u>

Plainly, the jury could not reasonably infer from the evidence presented in <u>Dunn</u> that the typewriter had not lost a third of its value due to depreciation in the ten years since its purchase. Thus, evidence concerning depreciation was necessary in that case to determine the value of the typewriter at the time of the theft. Here, however, given the relative newness of the stolen computers and their high purchase prices, evidence regarding depreciation was unnecessary. The jury could reasonably infer as a matter of common knowledge that the computers had not depreciated in value to the extent that their combined value was less than $200 at the time of the theft.

We hold, therefore, that the jury could properly conclude that the value of the office equipment stolen by Sheppard, which included a computer bought only two months before the theft for $1,200, was worth at least $200 at the time he stole it. Hence, the trial court did not err in denying Sheppard's motion to strike the Commonwealth's evidence as to the charge of grand larceny.

C.  Statutory Burglary

Sheppard next contends the evidence was insufficient to convict him of statutory burglary.  He concedes the evidence proved he entered the office of Frazer Wallace.  He argues, however, that none of the evidence presented by the Commonwealth allows the fact finder to conclude, beyond a reasonable doubt, that a breaking, be it actual or constructive, occurred.  Specifically, Sheppard claims no evidence established that *he* opened the office door or that the door was even closed.  Alternatively, he argues, there were no evidence presented to show that he gained entry into the office by threats, fraud, or conspiracy.

"A breaking, which is an essential element of the crime of burglary, may be either actual or constructive.  An actual breaking involves the application of physical force, however slight, to effectuate the entry."  Doan v. Commonwealth, 15 Va. App. 87, 99, 422 S.E.2d 398, 404 (1992).  "'Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute the element of the crime.'"  Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594-95 (1981) (quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)).

Here, viewed in the light most favorable to the Commonwealth, the evidence established that on Wednesday, November 21, 2001, the office of Frazer Wallace was closed to the public at 3:00 p.m.  As of 3:30 p.m., the receptionist, who worked in the front office, had left and there were only three employees remaining in the office.  Sometime between 5:05 and 5:15 p.m., Sheppard, who had just been in the doctor's office on the first floor of the same building, entered the Frazer Wallace office.  Gaughran, an employee of the company, saw Sheppard inside the office at approximately 5:15 p.m.  That Sheppard had entered the office after it closed was further confirmed by the discovery on Monday morning of papers he had left behind in the storage room and by his admission to the police that he had stolen a laptop computer from the Frazer Wallace

office. The only way into the Frazer Wallace office was through the office's main door. The main door of the Frazer Wallace office was always closed because it had an automatic closing mechanism. When opened, the door closed automatically and was left shut. To go through that door, one had to turn the handle and push the door open.

The jury could reasonably infer from this evidence that, in entering the office of Frazer Wallace, Sheppard had to turn the handle of the main door, which was always shut, and push the door open. We hold, therefore, that the jury could properly reject Sheppard's theories in his defense and conclude that Sheppard's entry into the Frazer Wallace office constituted an actual breaking.[1] Consequently, the trial court did not err in denying Sheppard's motion to strike the Commonwealth's evidence as to the charge of statutory burglary.

Accordingly, we affirm Sheppard's convictions.

Affirmed.

---

[1] Because we hold the evidence was sufficient, as a matter of law, to prove an actual breaking, we need not address Sheppard's claim that the evidence was also insufficient to prove a constructive breaking.