# Richmond

## E. L. Gwaltney v. Anne Reed.

November 22, 1954.

Record No. 4268.

Present, Eggleston, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Williams, Cooke, Worrell & Kelley* and *Jack E. Greer*, for the plaintiff in error.

*Bangel, Bangel & Bangel*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Mrs. Reed, the plaintiff below, was injured when an automobile which she was driving was struck within a street intersection in the city of Portsmouth by an automobile driven by Gwaltney, defendant below. In an action for damages against Gwaltney she recovered a verdict for $15,000 on which the court entered the judgment to which we granted this writ of error to the defendant.

The defendant concedes that on the evidence in the trial the plaintiff was entitled to a verdict against him for properly proved damages. He contends that by erroneous rulings on instructions and improper admission of testimony the jury were permitted to consider improper elements in assessing damages, and he asks for a new trial on the question of damages alone.

Defendant's assignments of error raise four questions which will be dealt with in the following order:

(1) The court granted for the plaintiff an instruction, No. 3, that if the jury found for the plaintiff they might consider her loss of earnings in assessing her damages. The court refused to give an instruction offered by the defendant that the jury should not consider any loss of earnings because there was no evidence from which to ascertain such loss. The latter instruction should have been given and the former refused.

The plaintiff is a graduate nurse. The accident happened in the early morning of January 16, 1953. The night before she had been on duty at a Norfolk hospital, nursing a doctor and his wife, and was on her way to her home in Ports-

mouth when she was injured. She testified that she got $10 a night "or more if I am nursing two people." At the time of the trial, July 2, 1953, she was unable, she said, to do nursing work and had not been able to do anything since the day of her accident. She testified that while she worked mostly in hospitals she could also do nursing in homes if that was necessary. Most of her work had been in Parrish Memorial Hospital until it closed, and since then she had worked in other hospitals she named, "whenever they called." One of her doctors testified that when he last saw her on May 8 he thought she could do work that did not involve lifting, such as floor duty.

This is all the evidence there was as to loss of earnings. Clearly it afforded no basis for any reasonable approximation by the jury as to how much earnings the plaintiff had lost. It showed the time of her incapacity and what she earned per day or night when she worked, but nothing at all as to how many days, or weeks, or months she probably would have worked if she had not been injured. There was no evidence as to what she had earned during any comparable period before her injury, nor any estimate as to how many calls she would have had or how many of those offered she could have accepted. She indicated in her testimony that she had only her husband to help her with her housework. He was a captain in the city fire department and on duty every alternate twenty-four hours. She spoke also of not being able to go to a hospital for treatment when her doctor advised it because she could not leave her babies. Whatever amount the jury allowed under the court's instruction for loss of earnings could have been arrived at only by speculation and guess.

The burden was on the plaintiff to prove the elements of her damage with reasonable certainty. She was not required to prove with mathematical precision the exact sum she had lost, but having shown herself entitled to have damages from the defendant it was her duty to furnish evidence of sufficient facts or circumstances to permit at least an intelligent

and probable estimate thereof. *Southern Ry. Co.* v. *Burton,* 149 Va. 364, 370, 141 S. E. 113, 114; *Jefferson Standard Ins. Co.* v. *Hedrick,* 181 Va. 824, 835, 27 S. E. (2d) 198, 202; *Dreyfus & Co.* v. *Wooters,* 123 Va. 42, 47, 96 S. E. 235, 236; 25 C. J. S., Damages, § 162(4), p. 826. Where loss of earnings occurs a reasonable basis for computation should be available and it was incumbent on the plaintiff to produce evidence that would take that element beyond the realm of surmise and conjecture where it was left on this trial.

(2) The court also told the jury in Instruction 3 that they should consider in assessing damages the inconvenience and discomfort which had been caused and which would probably in the future be caused to the plaintiff; and refused an instruction offered by the defendant that they should not consider any possible pain or disability which the plaintiff might sustain in the future because there was no evidence that she would suffer or be disabled in the future.

There was no error in these two rulings.

After the accident the plaintiff suffered from a severe pain in her back which ran down through her hip to her ankle. Six weeks later she was still in pain. On March 6 an orthopedic surgeon diagnosed her trouble as being a herniated intervertebral disc, which caused pressure on a nerve root and which in turn caused a sciatic pain to radiate down her leg. On March 23 he found she still had pain in her lower back and he prescribed a heavy corset to immobilize her back. On May 8 he found her condition was better but pain recurred when she left off the corset. At the time of the trial she was still wearing the corset and testified that her injury was still very painful.

The evidence warranted the giving of the instruction as to future pain and disability and the refusal of the one which would have told the jury that there was no such evidence.

(3) The court refused Instruction D-7 offered by the defendant which would have told the jury that they

should not consider any pain, disability or loss of wages due to a strained back or a herniated intervertebral disc because there was no evidence that either of these conditions was caused by the accident. It was properly refused.

For a little while after the accident the plaintiff did not realize she was hurt, but soon experienced what she described as a terrible pain in her back that ran down into her leg. She was taken to her family doctor two or three hours after the accident and he thought she had a sprained back, but later was of the impression that she had a ruptured disc, which was what the orthopedic surgeon found she had. This condition having developed very soon after the accident, it was at least a question for the jury as to whether it was caused by the accident, and the court was clearly right in refusing to instruct that there was no evidence that the condition was so caused.

■ (4) Plaintiff's counsel asked plaintiff's witness, the orthopedic surgeon, whether all operations for herniated intervertebral discs were successful. The witness replied that they were not. Plaintiff's counsel then asked him what percentage of such operations gave complete relief and he replied that he could not say because it varied so much with different groups. The defendant objected to these questions and excepted to the ruling allowing them. The objection should have been sustained. There was no evidence that such an operation had been recommended or was or might be necessary. In fact the witness testified that he had not advised such an operation.

The rulings discussed in paragraphs numbered (1) and (4) above constituted error prejudicial to the defendant with respect to recoverable damages. The judgment below therefore is reversed and the case is remanded for a new trial limited to the issue of damages to be ascertained in accordance with the principles herein stated.

*Reversed and remanded.*