# Richmond

HENRY GERTLER, ET AL., PARTNERS, ETC. v. MARIE E. BOWLING.

October 10, 1960.

Record No. 5142.

Present, All the Justices.

The opinion states the case.

*Mark P. Friedlander, Jr. (Mark P. Friedlander; Blaine P. Fried-lander; Charles Walker; Friedlander & Friedlander,* on brief), for the plaintiffs in error.

*R. B. Washington (Leslie Hall,* on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

Marie E. Bowling, the plaintiff, brought suit in the County Court of Arlington County against Shirlington Motor Company, Inc., alleging that she had sustained damages in the amount of $695.50 as the result of a breach of warranty in the purchase of a used automo-

bile, and that the vehicle was now in the possession of the defendant. Upon motion of the defendant, pursuant to § 16.1-92, Code of 1950, as amended, 1960 Cum. Supp., the cause was removed to the Circuit Court and, by consent, Henry Gertler, Leon Cherner, Henry Cherner and Samuel Mensh, trading as Shirlington Motor Company, were substituted as the proper parties defendant. The trial court, sitting without a jury, held that the evidence showed the plaintiff's automobile became a total loss while in the possession of the defendants as bailees and, acting under § 16.1-114, Code of 1950, as amended, Acts of 1956, ch. 555, without objection from either party, treated the allegations in the warrant as alleging a breach of duty under a bailment contract and entered judgment for the plaintiff in the amount of $445. From this judgment we granted the defendants a writ of error.

The defendants contend in their sole assignment of error that the court erred in entering judgment for the plaintiff because the plaintiff did not prove the amount of damages sustained with reasonable certainty.

The evidence is before us in narrative form, and is as follows:

On or about September 26, 1957, the plaintiff purchased a used automobile from the defendants for the sum of $595 cash.

At a pretrial conference the plaintiff claimed that the defendants guaranteed the car to be in good operating condition, but the defendants stated that they gave no warranty of any kind.

Almost immediately after the purchase of the automobile the plaintiff experienced difficulty in starting the car, and over a period of several months many other mechanical defects showed up. The defendants towed the car to their garage on several occasions where repairs were made without cost to the plaintiff. Sometime during the winter months the automobile engine froze and its block cracked, due to lack of anti-freeze.

In June, 1958, the automobile, with its cracked block, was towed by the defendants to their garage for repairs, and the plaintiff was informed by an employee of the defendants that the defective block could be replaced with a used block at a cost of between $100 and $150.

While the automobile was in the defendants' care it was parked on a public space near the defendants' garage and the car was stripped by parties unknown of its various parts, rendering it worthless.

The defendants rely on the cases of *Southern Railway Co. v. Burton & Briel, Inc.*, 149 Va. 364, 370, 141 S. E. 113, 114, and *Gwaltney* v. *Reed*, 196 Va. 505, 507, 508, 84 S. E. 2d 501, 502, in support of their contention that the plaintiff did not prove with reasonable certainty the value of the car when it came into their possession in June 1958. The cases cited are not controlling under the facts in this case.

In the *Southern Railway* case, *supra*, damages were not allowed because the evidence showed only a mere possibility of damages resulting from the bruising of apples while in shipment. In *Gwaltney* v. *Reed*, *supra*, there was no proof of how much a nurse on call would have worked if she had not been injured.

While it is true that the burden is on the plaintiff to prove the extent of damages with reasonable certainty, she is not required to prove with mathematical precision the exact amount of loss when the existence of damage is established and the facts and circumstances proven are such as to permit an intelligent and probable estimate of the amount of damages or loss sustained. *Gwaltney* v. *Reed, supra*, 196 Va. at pp. 507, 508, 84 S. E. 2d at p. 502; *Wyckoff Pipe & Creosoting Co.* v. *Saunders*, 175 Va. 512, 518-519, 9 S. E. 2d 318, 321; *Chesapeake & Potomac Telephone Co. of Virginia* v. *Carless*, 127 Va. 5, 11, 12, 102 S. E. 569, 571.

Evidence of the original cost of a used automobile is admissible on the issue as to its value at the time of loss, on the theory that the present value of a used article can be determined with a reasonable degree of certainty by taking such original cost and making due allowance for elements of depreciation. *Whitcomb* v. *Automobile Ins. Co.*, 167 Minn. 362, 209 N. W. 27, 28; *Tatro* v. *Baker-Fisk-Hugill Co.*, 215 Mich. 623, 184 N. W. 449; 5 Am. Jur., Automobiles, § 748, p. 906; Anno. 64 A. L. R. 176.

The plaintiff established by the evidence that she had sustained damages when her automobile was rendered worthless while in the possession of the defendants. The value of the car was fixed by the defendants at the time of its sale to the plaintiff, which was approximately eight months prior to its loss. She had very little use of the car after it came into her possession since it was in the defendants' garage for repairs several times due to mechanical defects that developed immediately after its purchase, and it became inoperable sometime during the winter when the engine block cracked. Consequently, there was little or no depreciation from use. The evidence

shows that at the time of the loss the only defect in the car was a cracked block, for which the trial court made due allowance in fixing the amount of the damages sustained.

The value of the car having been fixed by the defendants several months before its loss, and in the absence of any evidence as to depreciation other than the estimated cost of replacing the cracked block, there was sufficient evidence before the trial court for it to intelligently and fairly estimate with reasonable certainty the quantum of damages at the time of the loss.

The judgment of the trial court is

*Affirmed.*