### Richmond

Kenneth Odell Dunn

v.

Commonwealth of Virginia

December 4, 1981.

Record No. 801766.

Present: All the Justices.

*Fred G. Wood, Jr. (R. Lecky Stone, Jr.; Fred G. Wood, Jr. & Associates,* on brief), for appellant.

*Julia Krebs-Markrich, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Convicted by a jury of grand larceny, the defendant, Kenneth Odell Dunn, was sentenced to serve five years in the penitentiary. On appeal, he contends the evidence was insufficient to show that the stolen items had a value of $100 or more.*

The evidence shows that the stolen property consisted of a framed dollar bill having no special value, $1.20 in coins laminated in clear plastic, and a typewriter purchased new for $150 ten years before the theft. The Commonwealth offered no evidence concerning the current value or the present condition of the typewriter, except to show that it was used three days before it was stolen.

In a grand larceny prosecution, the burden is upon the Commonwealth to prove beyond a reasonable doubt that the value of the goods stolen equals at least the amount fixed by statute in definition of the offense. *Wright* v. *Commonwealth,* 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954). While the original purchase price of an item may be admitted as evidence of its current value, there must also be "due allowance for elements of depreciation." *Gertler* v. *Bowling,* 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960). Without a showing of the effect of age and wear and tear on the value of an item such as a typewriter, the jury might be misled to believe that original price equals current value.

Here, in addition to the typewriter, the defendant stole items worth $2.20. The jury, therefore, must have found the typewriter was worth at least $97.80. There was no evidentiary basis, however, for this finding. Hence, the verdict could have been

---

* The theft in this case occurred December 16, 1979. At its 1980 session, the General Assembly amended Code § 18.2-95 to increase to $200 the amount necessary to constitute grand larceny. Acts 1980, c. 175.

based only upon speculation and conjecture and cannot be permitted to stand.

Accordingly, the defendant's conviction of grand larceny will be reversed and set aside, and the case will be remanded for a new trial upon a charge of petit larceny.

*Reversed and remanded.*