COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


KENNETH WAYNE MORRIS, S/K/A
 KENNETH WAYNE MORRIS, SR.
                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1606-96-2      JUDGE JOHANNA L. FITZPATRICK
                                         APRIL 1, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                      Jay T. Swett, Judge

            (Paul H. Schwartz, on brief), for appellant.
             Appellant submitting on brief.

            Steven A. Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


        Kenneth Wayne Morris, Sr. (appellant) was convicted in a

bench trial of grand larceny pursuant to Code § 18.2-95 and

sentenced to four years in prison, with three years suspended.

On appeal, he argues that the trial court erred in (1)

determining the value of the motorcycle to be $200 or more, and

(2) finding appellant had the intent to permanently deprive

Gloria Walters (Walters) of her motorcycle.  Finding no error, we

affirm.

        On the morning of August 12, 1995, appellant knocked on

Walters' front door.  When she answered the door, appellant

inquired whether a motorcycle located in "the rear of the house"

was for sale.  Although initially Walters told appellant that she

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"wasn't really interested in selling," she agreed to give appellant the motorcycle as payment for doing work on her house. Walters and appellant examined the motorcycle after unlocking it. Appellant then produced a blank contract form and listed the work to be done on Walters' house.[1] The parties agreed that the work was to be started within approximately two weeks from the date of the contract.

Later that day, after appellant left the property without finishing the lawn as agreed, Walters noticed that the motorcycle and the key to the motorcycle were missing. She contacted appellant, who admitted having them. She requested that appellant return the motorcycle to her at that time and on several subsequent occasions. Appellant never returned the bike nor did he complete any of the work under the contract. Appellant gave the motorcycle to his cousin.

At trial, the evidence established that Walters purchased the motorcycle in 1988 for $3,200-$3,300, that it was a limited production model which had been specifically customized, that it had less than 750 miles on it, and that she "wanted about $4500

---

[1] The contract listed the "Service(s) to be rendered" as follows: "to do gutters on house facial boards if bad brick to be filled in holes and replace if bad and to paint outside of house and scrape old paint off porch boards replace in front of door and ceiling fix in dining room and door on celler [sic], clean shingles of roof." Payment was described as follows: "Total Amount Due on Completion of Work: $ for 88 Honda Inttersceter Bike." Both parties signed the contract beneath the line reading, "PAYMENT WILL BE DUE IN FULL UPON COMPLETION OF WORK." (Emphasis added).

for it, if [she] were to sell it.  [She] would have, perhaps, settled for at least over what [she] paid for it, . . . at least $3500 at the very rock bottom."  The evidence also established that the motorcycle had been damaged in 1991, and had been left outside since 1991-1992.

Appellant testified that he would "get the bike for partial payment" and that after he "finished the work [he'll] come and get the title," that both he and Walters loaded the motorcycle onto his truck, that she was aware he was taking the motorcycle, and that she did not contact him during the following two-week period to ask for the return of the motorcycle.

In overruling appellant's motion to strike at the close of the evidence, the trial court found as follows:

> I find, listening and observing the witnesses, coupled with the defendant's prior criminal conviction, which is something which the court considers as to the defendant's credibility, that the version of events is far more likely to have occurred and far more credible as explained by Ms. Walters.  I find it very difficult to adopt the version described by the defendant . . . [which] stretches this Court's reasonable grounds of credibility.  I find that the version happened essentially as Ms. Walters testified to. . . . [U]nder these circumstances, absent any permission, absent any discussion about taking the motorcycle, coupled with the subsequent explanations and refusals to return the motorcycle that [appellant], it's fair to conclude, and the Court does so, that when he went back on August 12th to take the motorcycle that he intended to permanently deprive Ms. Walters of the motorcycle, particular[ly] in light of his own testimony that he was simply going to hold it as down payment yet it turns up in the hands of somebody else when he never does the work.

3

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987); see also Gooden v. Commonwealth, 226 Va. 565, 571-72, 311 S.E.2d 780, 784 (1984). The inferences to be drawn from proved facts are within the province of the fact finder as long as they are reasonable and justified. David v. Commonwealth, 2 Va. App. 1, 3, 340 S.E.2d 576, 577 (1985) (citing Patler v. Commonwealth, 211 Va. 448, 457, 177 S.E.2d 618, 624 (1970), cert denied, 407 U.S. 909 (1972)). A conviction will be affirmed unless plainly wrong or unsupported by the evidence. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

## VALUE OF THE MOTORCYCLE

It is well settled that the value of the stolen property is an essential element of the offense, and that the burden is on the Commonwealth to prove the statutory amount. Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983); Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).

When the value of goods taken is at issue, "the facts and circumstances proven [must be] such as to permit an intelligent and probable estimate of the amount of damages or loss sustained." Gertler v. Bowling, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960). Value may be shown from direct or circumstantial evidence. Veney v. Commonwealth, 212 Va. 805,

4

806-07, 188 S.E.2d 80, 82-82 (1972). As the owner of the motorcycle, Walters was competent to testify as to its value. Haynes v. Glenn, 197 Va. 746, 750-51, 91 S.E.2d 433, 436 (1956). "While the original purchase price of an item may be admitted as evidence of its current value, there must also be 'due allowance for elements of depreciation.'" Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (quoting Gertler, 202 Va. at 215, 116 S.E.2d at 270).

The evidence sufficiently proved the value of the motorcycle to be $200 or more. "There was sufficient evidence before the [trier of fact] for it to intelligently and fairly estimate with reasonable certainty the quantum of damages at the time of the loss" and to conclude that the motorcycle was worth $200 or more. The testimony of the owner, Walters, established that she was knowledgeable about the value of the motorcycle which she purchased as a specially customized, limited production model with a present value of at least $3,500. The trial court was entitled to reject as incredible appellant's testimony of the value he assigned to the work he was to perform in exchange for the bike.

## SUFFICIENCY

The trial court, having the opportunity to see and hear the witnesses testify, was entitled to credit the Commonwealth's witness and to disbelieve appellant. See Schneider v. Commonwealth, 230 Va. 379, 382, 383, 337 S.E.2d 735, 736-37

(1985). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

"To prove that a defendant is guilty of larceny, the Commonwealth must present evidence that the defendant took the property with the intention to deprive the owner permanently of his possession of the goods." Welch v. Commonwealth, 15 Va. App. 518, 524, 425 S.E.2d 101, 105 (1992). "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991).

The trial court rejected as incredible appellant's claim that he had a right to take the motorcycle and properly inferred that appellant's intent was to permanently deprive the victim of her motorcycle from the wrongful taking of the property. See Bryant v. Commonwealth, 248 Va. 179, 445 S.E.2d 667 (1994); Saunders v. Commonwealth, 18 Va. App. 825, 447 S.E.2d 526 (1994). The victim testified that she requested the return of her motorcycle and appellant refused. Appellant's testimony established that he had converted the motorcycle to his own use by giving it to his cousin. From appellant's refusal to return the motorcycle and his subsequent conversion of the same, the court was entitled to conclude that he intended to permanently

6

deprive the victim of her property.

For the foregoing reasons, we affirm the conviction.

<u>Affirmed.</u>