COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


RUSSELL STREET

MEMORANDUM OPINION* BY
v.    Record No. 1532-01-4          JUDGE RUDOLPH BUMGARDNER, III
                                         JUNE 18, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

Robert W. Gookin for appellant.

Jennifer R. Franklin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


A jury convicted Russell Street of felonious unauthorized use of a motor vehicle and robbery. On appeal, he contends the evidence is insufficient to prove the value of the vehicle taken exceeded $200. Concluding the evidence was not sufficient, we reverse.

We review the evidence in the light most favorable to the Commonwealth granting it all reasonable inferences arising from it. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The defendant obtained the victim's car after contracting to clean it. When he did not return the car as agreed, the victim reported it stolen. Later, a Maryland deputy

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sheriff stopped the defendant for driving the car erratically. Before the deputy completed his investigation, the defendant sped off. Maryland police chased the defendant, who covered 30 to 35 miles in twenty minutes while hitting speeds of more than 100 miles per hour. The chase ended when the defendant wrecked.

The car was a 1993 Toyota Tercel. In response to the question, "About how much was the car worth?" the victim replied, "I paid 3,000 for it." The victim provided no further information about his opinion of the value of the car or even indicated how long he had owned the car. The Commonwealth introduced a photograph of the car taken at the scene but presented no other evidence of the value of the car.

"[T]he burden is upon the Commonwealth to prove beyond a reasonable doubt that the value of the goods stolen equals at least the amount fixed by statute in definition of the offense." Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (citation omitted).

> While it is true that the burden is on the plaintiff to prove the extent of damages with reasonable certainty, she is not required to prove with mathematical precision the exact amount of loss when the existence of damage is established and the facts and circumstances proven are such as to permit an intelligent and probable estimate of the amount of damages or loss sustained.

Gertler v. Bowling, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960) (citations omitted).

-

The purchase price of an item is admissible and is competent evidence of its current value, <u>Robinson v. Commonwealth</u>, 258 Va. 3, 5-6, 516 S.E.2d 475, 476 (1999), and the owner's opinion of value is admissible, <u>Walls v. Commonwealth</u>, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994). "While the original purchase price of an item may be admitted as evidence of its current value, there must also be 'due allowance for elements of depreciation.'"  <u>Dunn</u>, 222 Va. at 705, 284 S.E.2d at 792 (quoting <u>Gertler</u>, 202 Va. at 215, 116 S.E.2d at 270).

The evidence produced did not provide the jury sufficient information with which to make a finding of value beyond a reasonable doubt.  While the victim purchased the car for $3,000, the jury had no evidence of how long he owned the car or how it may have depreciated during his ownership.  The car could have been six years old at the time of the offense, but the jury did not know its cost when new or its condition when the victim bought it.  The jury saw a photograph of the car and heard the evidence the car reached speeds exceeding 100 miles per hour and averaged ninety miles an hour for a twenty-minute period.  However, the evidence provided was not sufficient to permit a determination of value without speculating based on whatever personal experience the individual jurors may have had in determining the market value of automobiles.

-

We conclude that the evidence was not sufficient to permit a person of ordinary knowledge and experience to conclude the car was worth more than $200 when the defendant took it. Accordingly, we reverse the conviction of felonious unauthorized use and dismiss the indictment because the Commonwealth elected not to have the jury instructed on any lesser-included offense.

Reversed and dismissed.

-