COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

LAROND ANTONIO AYRES

MEMORANDUM OPINION* BY
v.       Record No. 1438-12-1          JUDGE ROBERT J. HUMPHREYS
                                        DECEMBER 17, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
W. Revell Lewis, III, Judge

Jack A. Thornton, III, for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Larond Antonio Ayres ("Ayres") appeals his conviction in a bench trial in the Circuit

Court of Northampton County ("trial court") for grand larceny, in violation of Code § 18.2-95.

The trial court convicted Ayres for stealing a PlayStation 2, an additional controller for the

PlayStation 2, hair clippers, a bag of sugar, and other items to which no value was assigned from

the victim's home.  For the following reasons, we reverse the judgment of the trial court.

Ayres argues on appeal that,

> the trial court erred in concluding that the evidence elicited at trial
> was sufficient to find beyond a reasonable doubt that [he]
> committed the alleged crime of Grand Larceny.  Specifically, the
> element of value of the concerned property was not adequately
> proven beyond a reasonable doubt to have been equal to or in
> excess of $200.00, as is required under [Code] § 18.2-95, in order
> to prove the [offense] of Grand Larceny.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"The judgment of the trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless 'plainly wrong or without evidence to support it.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Code § 8.01-680). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at 319).

Code § 18.2-95 provides three definitions of grand larceny, one of which is, "simple larceny not from the person of another of goods and chattels of the value of $200 or more." "The monetary amount specified in Code § 18.2-95 is an essential element of the crime of grand larceny, and the Commonwealth bears the burden of proving this element beyond a reasonable doubt." Britt v. Commonwealth, 276 Va. 569, 574, 677 S.E.2d 763, 765 (2008).

"The test is market value, and particularly retail value." Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999). "'Fair market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing.'" Id. at 5-6, 516 S.E.2d at 476 (quoting Bd. of Supervisors v. Donatelli & Klein, Inc., 228 Va. 620, 628, 325 S.E.2d 342, 345 (1985)).

"The value of the stolen property is measured as of the time of the theft, and the original purchase price may be admitted as evidence of its current value." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). "The opinion testimony of the owner of the stolen item generally is competent and admissible on the issue of the value of that property." Id.; see also Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994).

> "It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and

> admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns. The weight of such testimony is, of course, affected by his knowledge of the value."

Haynes v. Glenn, 197 Va. 746, 750-51, 91 S.E.2d 433, 436-37 (1956) (quoting 20 Am. Jur. Evidence § 892). Further, value may be proven by circumstantial evidence. See Veney v. Commonwealth, 212 Va. 805, 807, 188 S.E.2d 80, 82 (1972).

Any review of the jurisprudence of the Commonwealth on this subject will quickly reveal that the nature of the property stolen provides an important context for any legal sufficiency analysis of the element of value. Thus, when establishing the value of aging technical equipment, it is necessary that some evidence link the original price testified to, to the fair market value of the stolen property at the time of the taking to support a finding that the value at the time of the theft met or exceeded the $200 statutory threshold for grand larceny. In Dunn v. Commonwealth, 222 Va. 704, 284 S.E.2d 792 (1981), the Supreme Court reversed Dunn's grand larceny conviction finding that the evidence was insufficient to prove that he had stolen items valued at $100 or more. Id. at 705, 284 S.E.2d at 792. (At the time of the theft, the amount necessary to constitute grand larceny was $100. Id.) The evidence on value only showed that the stolen property consisted of a framed dollar bill with no particular value, $1.20 in coins, and a typewriter purchased new for $150 ten years before the larceny. Id. "The Commonwealth offered no evidence concerning the current value or the present condition of the typewriter, except to show that it was used three days before it was stolen." Id. "While the original purchase price of an item may be admitted as evidence of its current value, there must also be 'due allowance for elements of depreciation.'" Id. (quoting Gertler v. Bowling, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960)). "Without a showing of the effect of age and wear and tear on

- 3 -

the value of an item such as a typewriter, the jury might be misled to believe that original price equals current value." Id. The Court found that there was no evidence to support a finding that the typewriter was worth at least $97.80, taking into account the value of the other items stolen totaling $2.20, to equal $100 worth of stolen property. Id. at 705, 284 S.E.2d at 793. "[T]he verdict could have been based only upon speculation and conjecture and cannot be permitted to stand." Id. at 705-06, 284 S.E.2d at 793.

In Lester v. Commonwealth, 30 Va. App. 495, 518 S.E.2d 318 (1999), this Court addressed the sufficiency of the evidence to establish the value of stolen jewelry, and in distinguishing Dunn stated that unlike jewelry, "[i]t is common knowledge that technical equipment generally depreciates in value over time and that equipment which does not operate properly has significantly reduced value." Lester, 30 Va. App. at 505, 518 S.E.2d at 323.

In Baylor v. Commonwealth, 55 Va. App. 82, 683 S.E.2d 843 (2009), this Court found that the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that the value of the stolen property exceeded the $200 statutory threshold where the evidence only established replacement value of the property and no evidence linked the replacement value to the actual value of the property at the time of the theft. Id. at 90, 683 S.E.2d at 846-47. The appellant was convicted of grand larceny for stealing catalytic converters, for which there was no resale market as a matter of law, and thus no market value for used catalytic converters. Id. at 88, 683 S.E.2d at 845-46. Nevertheless, the Commonwealth was required to prove the actual value of the stolen property. Id. at 88, 683 S.E.2d at 846. The Commonwealth only presented evidence of the cost of replacing the stolen catalytic converters without showing any relationship of the replacement value to the actual value of the stolen property. Id. We noted that "it is certainly conceivable that stolen property may be of such character or recent manufacture that

- 4 -

replacement value accurately reflects actual or fair market value." Id. at 90, 683 S.E.2d at 846.

However, the Court held that

> where . . . there is an absence of evidence linking replacement value to an accurate determination of actual or fair market value, mere evidence of replacement value alone is insufficient as a matter of law to support an inference by the fact finder that the value of stolen property necessarily exceeds the statutory threshold.

Id. at 90, 683 S.E.2d at 846-47.

Here, the Commonwealth only established that the victim paid a total of $270 for the brand new PlayStation 2 and additional controller one year ago. The Commonwealth did not introduce any evidence of the degree of depreciation of the PlayStation 2 or the extra PlayStation 2 controller or the lack thereof. While there was evidence as to the age of these two items, each one year old, the Commonwealth elicited no testimony as to the condition of these items or any other evidence from which a reasonable factfinder could conclude that the fair market value at the time of the theft met or exceeded the $200 statutory threshold. Further, the victim's testimony affirmed that she was able to identify her PlayStation 2 and controller based on the colors and the scratches caused by her children slamming the machine down. This evidence weighs against any reasonable inference that these electronic devices were in new condition and valued as they were on the date of purchase. Regarding the other items stolen, the Commonwealth only established specific value as to the hair clippers – $15 – and the bag of sugar – $3.59. Thus, the Commonwealth was required to establish that the fair market value of both the PlayStation 2 and the controller was at least $181.41.

In sum, the technical devices in question were not new at the time of the theft and the condition or working order of the devices was not established by the Commonwealth, nor did the Commonwealth present either direct or circumstantial evidence of fair market value at the time of the theft.

As the Supreme Court stated in <u>Dunn</u>, "'While the original purchase price of an item may be admitted as evidence of its current value, there must also be 'due allowance for elements of depreciation.'" <u>Dunn</u>, 222 Va. at 705, 284 S.E.2d at 792 (quoting <u>Gertler</u>, 202 Va. at 215, 116 S.E.2d at 270). "Without a showing of the effect of age and wear and tear on the value of an item such as a typewriter, the jury might be misled to believe that original price equals current value." <u>Id.</u> What we previously recognized in <u>Lester</u>, applies explicitly in the case before us now: "technical equipment generally depreciates in value over time and that equipment which does not operate properly has significantly reduced value." <u>Lester</u>, 30 Va. App. at 505, 518 S.E.2d at 323.

The Commonwealth did not present evidence regarding if or how depreciation affected the value of these technical devices. Thus, the record does not contain sufficient facts to support the trial court's inference that the value of the PlayStation 2 and additional controller at the time of the theft, along with the hair clippers and bag of sugar, exceeded the $200 statutory threshold for grand larceny. <u>See</u> <u>Baylor</u>, 55 Va. App. at 90, 683 S.E.2d at 847. Similar to our holding in <u>Baylor</u> regarding replacement value, here we hold that mere evidence of the original purchase price of technical equipment at some significant time in the past, absent any other circumstances pointing to actual value at the time of the theft, is insufficient as a matter of law to support an inference that the fair market value at the time of the taking exceeded $200.

We reverse the conviction of grand larceny and remand for sentencing on petit larceny.[1]

Reversed and remanded.

---

[1] The last line of appellant's brief reads, "[Ayres] prays that this Honorable Court will reverse his conviction for grand larceny and remand the matter back to the Trial Court for a new sentencing hearing." Because appellant has requested a new sentence and not a new trial, we remand the case to the trial court only for a new sentencing on petit larceny. See Commonwealth v. South, 272 Va. 1, 1, 630 S.E.2d 318, 319 (2006) (Virginia Supreme Court reversed Court of Appeals' judgment remanding case for new trial, and ordered the Court of Appeals to instead remand the case to the trial court only for a new sentencing on the lesser-including offense); see also Britt v. Commonwealth, 276 Va. 569, 576, 667 S.E.2d 763, 766-67 (2008) (Court remanded for new trial on petit larceny and not solely new sentence because both parties had not consented to that relief).