# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **19th** *day of* **May, 2015**.

Charleston Alexandria Williams, Jr.,                                    Appellant,

 against        Record No. 2474-13-3
                Circuit Court No. CR13024444-00

Commonwealth of Virginia,                                    Appellee.


From the Circuit Court of the City of Lynchburg

Before Chief Judge Huff, Judges Chafin and Russell


On May 4, 2015 came the appellee, by the Attorney General of Virginia, and filed a motion praying that the Court reconsider the scope of the remand in the opinion rendered by this Court on April 21, 2015.

Upon consideration whereof, the motion is granted, the opinion previously rendered herein on April 21, 2015 is withdrawn, the mandate entered on that date is vacated, and a revised opinion is issued bearing today's date reflecting that the matter is remanded to the trial court for resentencing upon a conviction of the lesser-included offense of petit larceny.

A Copy,

Teste:

*original order signed by the Clerk of the
Court of Appeals of Virginia at the direction
of the Court*

Clerk

UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Huff, Judges Chafin and Russell
Argued at Salem, Virginia


CHARLESTON ALEXANDRIA WILLIAMS, JR.

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2474-13-3                     JUDGE WESLEY G. RUSSELL, JR.
                                                   MAY 19, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge

Keith Orgera, Senior Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Charleston Alexandria Williams, Jr., appellant, was convicted in a bench trial of grand

larceny in violation of Code § 18.2-95.  On appeal, he challenges the sufficiency of the evidence.

Specifically, he argues that, as a matter of law, the Commonwealth failed to prove that the value of

the item stolen was $200 or more, and therefore, his conviction of grand larceny should be reversed

and remanded for further proceedings.  For the reasons stated, we agree with Williams.

FACTS

On June 5, 2012, Aaron Rye, the store manager for ColorTyme Rental,[1] discovered that a

laptop computer was missing.  This particular laptop recently had been returned to the store by a

customer who had been renting it.  The record reflects that the computer was infested with

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] ColorTyme is what is colloquially known as a "rent-to-own" store.  The record reflects
that it offers for rent computers, sofas, and appliances.

roaches upon its return. In keeping with ColorTyme's customary procedures for dealing with roach-infested electronics, Rye removed the battery and power cord, placed the computer in a plastic bag, and then put the laptop in the freezer over the weekend to kill the roaches. Rye did not test or otherwise inspect the laptop before placing it in the freezer. Rye removed the laptop from the freezer on June 4, 2012, and he placed the laptop, still in the bag, on Jeff Temper's desk. Neither the power cord nor the battery were reunited with the computer before it was placed on Temper's desk. Temper then moved the bag from his desk to the top of a clothes dryer in the back of the store. Based upon the store's video surveillance, Rye determined that appellant, an employee of ColorTyme, put the laptop inside the dryer and then moved the dryer onto a truck.

Temper, the owner of ColorTyme, initially testified that the computer was worth "like eight hundred and something dollars" and that, without the power cord and battery, it was "absolutely" worth more than $200 to him. Temper conceded on cross-examination that he was unaware of the brand of the laptop that had been taken and that his estimate of value was based on a conversation he had had with Rye. Appellant moved to strike Temper's testimony, arguing that, because Temper did not know what property was lost, he could not testify as to its value.

The Commonwealth attempted to rehabilitate Temper's testimony by refreshing his recollection by showing him a copy of the police report. After some questioning from the Commonwealth and arguments by the parties, the trial court granted appellant's motion to strike, expressly finding that the Commonwealth had successfully refreshed Temper's recollection as to the brand of laptop taken, but had not successfully established that Temper had knowledge of the value. The trial court stated that the fact that the laptop was a Compaq was in evidence, "but nothing else about value."

After the trial court's ruling, counsel and the trial court engaged in a brief colloquy that resulted in the trial court asking questions of the witness. In response to the trial court's inquiry regarding value, Temper testified that the computer was worth more than $800. On cross-examination, Temper conceded that this was the value for which he would have sold the laptop when it was new. After the trial court struck his initial testimony as to value, Temper was never asked about and never testified that the computer, in its condition at the time of the theft, had a value in excess of $200.

Ultimately, the trial court found Temper's testimony regarding value sufficient to establish that the laptop was worth more than $200 when it was stolen. Accordingly, the trial court found appellant guilty of grand larceny.

This appeal followed.

ANALYSIS

Appellant challenges the sufficiency of the evidence. Therefore, we must "'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). As noted above, we review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This means the trial court's decision cannot be overturned on appeal unless no "'rational trier of fact'" could have come to the conclusion it did. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319); Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*) ("We let the decision stand unless we conclude no rational juror could have

- 3 -

reached that decision."), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson, 443 U.S. at 318-19). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (internal quotation marks omitted). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006)).

Larceny, a common law crime, is the wrongful or fraudulent taking of another's property without the owner's permission and with the intent to permanently deprive the owner of that property. Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998). Code § 18.2-95 defines the offense of grand larceny. It provides, in part, that "[a]ny person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." Code § 18.2-95.

Appellant does not dispute that he was the thief. Rather, he argues that the evidence was insufficient to prove, beyond a reasonable doubt, that the value of the property he stole was $200 or more. "The value of the goods specified in [Code § 18.2-95] is an essential element of the crime, and the Commonwealth must prove that element beyond a reasonable doubt." Walls v.

Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994).  Further, "[t]he value of the stolen property is measured as of the time of the theft . . . ."  Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483-84 (1997).

"It is well established that 'the opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values.'"  Burton v. Commonwealth, 58 Va. App. 274, 280-81, 708 S.E.2d 444, 447 (2011) (quoting Walls, 248 Va. at 482, 450 S.E.2d at 364).  The witness need only to have had an opportunity to become familiar with the property and to form an opinion as to its true value.  Kerr v. Clinchfield Coal Corp., 169 Va. 149, 155-56, 192 S.E. 741, 743 (1937).

Here, without the stricken testimony, the only evidence of the laptop's value was Temper's testimony that he would have sold the laptop new for more than $800.  There was no evidence to establish how old the laptop was, what its capabilities were when new or at the time of the theft, whether it still worked, what software, if any, was installed on the laptop, what its memory capability was, or any other factor that could be used to allow a factfinder to divine a value for it at the time of the theft.

"'While the original purchase price of an item may be admitted as evidence of its current value, there must also be 'due allowance for elements of depreciation.'"  Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (quoting Gertler v. Bowling, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960)).  As this Court recognized in Lester v. Commonwealth, 30 Va. App. 495, 518 S.E.2d 318 (1999), "technical equipment generally depreciates in value over time and that equipment which does not operate properly has significantly reduced value."  Id. at 505, 518 S.E.2d at 323.

In <u>Dunn</u>, evidence that a 10-year-old typewriter originally had been purchased for $150 was held to be insufficient to establish that it was worth the then statutory threshold of $100 when stolen. 222 Va. at 705, 284 S.E.2d at 792. Although the factfinder knew both the original purchase price and the age of the typewriter, the Supreme Court found that a jury could conclude that it met the statutory threshold only by relying on "speculation and conjecture" because there had been no evidence offered regarding "the effect of age and wear and tear on the value of" the typewriter. <u>Id.</u> at 704-05, 284 S.E.2d at 792. Here, the factfinder did not even know the age of the laptop, let alone have any information about wear and tear or whether the laptop was even operable. Accordingly, the evidence of value was insufficient to demonstrate that the statutory threshold was met.

The Commonwealth conceded at oral argument that, absent Temper's testimony that the laptop was worth more than $200 to him, the evidence was insufficient to establish that the laptop was worth more than $200 at the time of the theft. The Commonwealth argues that although the trial court did strike this testimony initially, it implicitly reversed that ruling in rendering its decision, allowing the testimony to form the basis of the trial court's ultimate finding as to value. We disagree with the Commonwealth.

There is no dispute that the trial court initially struck the testimony, expressly ruling that Temper's initial testimony established the brand of laptop stolen, "but nothing else about value." The trial court never expressly revisited this ruling. The Commonwealth's position that the trial court implicitly reversed itself is based on the Commonwealth's argument at trial in response to a

motion to strike the evidence after the close of the Commonwealth's evidence.[2] That argument referenced both Temper's testimony that the laptop was worth more than $200 to him and that it was worth more than $800 new.  In denying the motion to strike, the Court noted that it was doing so based on what the Commonwealth had "said" and that the Commonwealth had "proved value of over two hundred dollars on the evidence."

The better reading of the record is that the trial court, in denying the motion to strike, was relying on the testimony as to the purchase price of the laptop when new rather than the reference to the stricken evidence.  It is axiomatic that stricken evidence may not form the basis for a trial court's conclusion.  Absent some express statement from the trial court that it was reversing its prior evidentiary ruling, we will not assume that the trial court based its decision on testimony that it had stricken.  See Mason v. Commonwealth, 219 Va. 1091, 1097-98, 254 S.E.2d 116, 120 (1979) ("In non-jury cases, it will be presumed that[,] . . . in the absence of an affirmative showing to the contrary, that only material and competent evidence is considered." (citations omitted)).

As noted above, the Commonwealth conceded that, without the stricken testimony, the evidence failed to establish that the value of the laptop at the time of the theft met the statutory threshold.  While we are not bound by this concession,[3] the concession, coupled with the utter

---

[2] The Commonwealth noted on brief that appellant made a motion to reconsider at the sentencing hearing conducted nearly five months after the trial.  In denying the motion to reconsider, the trial court referenced the previously stricken testimony as well as the testimony that the laptop was worth more than $800 when new.  Although the matter was still within the breast of the trial court at the sentencing hearing, we find the trial court's statement at the sentencing hearing insufficient for us to infer an implicit reversal of the ruling striking the testimony at the trial.

[3] This Court is "not bound by concessions of law by the parties."  Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*), aff'd on other grounds, 273 Va. 410, 641 S.E.2d 77 (2007).

lack of evidence about the condition and capabilities of the laptop at the time of the theft, makes clear that the evidence was insufficient to support appellant's conviction for grand larceny.

Having found that the conviction for grand larceny must be reversed, we remand to the trial court for a new sentencing proceeding on the lesser-included offense of petit larceny,[4] which the Commonwealth proved beyond a reasonable doubt.

CONCLUSION

For the foregoing reasons, we find, based on the evidence, that the trial court could not reasonably conclude that the value of the computer at the time of the theft was greater than $200. Accordingly, the judgment of the trial court is reversed, and we remand the case to the trial court for a new sentencing proceeding on the lesser-included offense of petit larceny.

Reversed and remanded.

---

[4] Both appellant and the Commonwealth have consented to remand for sentencing on the lesser-included offense of petit larceny. Accordingly, such a resolution is appropriate here. Commonwealth v. South, 272 Va. 1, 1, 630 S.E.2d 318, 319 (2006) (remanding case for sentencing on lesser-included offense appropriate with the consent of both parties).

Present:   Chief Judge Huff, Judges Chafin and Russell
Argued at Salem, Virginia

UNPUBLISHED

CHARLESTON ALEXANDRIA WILLIAMS, JR.

MEMORANDUM OPINION* BY
v.        Record No. 2474-13-3        JUDGE WESLEY G. RUSSELL, JR.
                                      APRIL 21, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge

Keith Orgera, Senior Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Charleston Alexandria Williams, Jr., appellant, was convicted in a bench trial of grand

larceny in violation of Code § 18.2-95.  On appeal, he challenges the sufficiency of the evidence.

Specifically, he argues that, as a matter of law, the Commonwealth failed to prove that the value of

the item stolen was $200 or more, and therefore, his conviction of grand larceny should be reversed

and remanded for further proceedings.  For the reasons stated, we agree with Williams.

FACTS

On June 5, 2012, Aaron Rye, the store manager for ColorTyme Rental,[1] discovered that a

laptop computer was missing.  This particular laptop recently had been returned to the store by a

customer who had been renting it.  The record reflects that the computer was infested with

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] ColorTyme is what is colloquially known as a "rent-to-own" store.  The record reflects
that it offers for rent computers, sofas, and appliances.

roaches upon its return. In keeping with ColorTyme's customary procedures for dealing with roach-infested electronics, Rye removed the battery and power cord, placed the computer in a plastic bag, and then put the laptop in the freezer over the weekend to kill the roaches. Rye did not test or otherwise inspect the laptop before placing it in the freezer. Rye removed the laptop from the freezer on June 4, 2012, and he placed the laptop, still in the bag, on Jeff Temper's desk. Neither the power cord nor the battery were reunited with the computer before it was placed on Temper's desk. Temper then moved the bag from his desk to the top of a clothes dryer in the back of the store. Based upon the store's video surveillance, Rye determined that appellant, an employee of ColorTyme, put the laptop inside the dryer and then moved the dryer onto a truck.

Temper, the owner of ColorTyme, initially testified that the computer was worth "like eight hundred and something dollars" and that, without the power cord and battery, it was "absolutely" worth more than $200 to him. Temper conceded on cross-examination that he was unaware of the brand of the laptop that had been taken and that his estimate of value was based on a conversation he had had with Rye. Appellant moved to strike Temper's testimony, arguing that, because Temper did not know what property was lost, he could not testify as to its value.

The Commonwealth attempted to rehabilitate Temper's testimony by refreshing his recollection by showing him a copy of the police report. After some questioning from the Commonwealth and arguments by the parties, the trial court granted appellant's motion to strike, expressly finding that the Commonwealth had successfully refreshed Temper's recollection as to the brand of laptop taken, but had not successfully established that Temper had knowledge of the value. The trial court stated that the fact that the laptop was a Compaq was in evidence, "but nothing else about value."

After the trial court's ruling, counsel and the trial court engaged in a brief colloquy that resulted in the trial court asking questions of the witness. In response to the trial court's inquiry regarding value, Temper testified that the computer was worth more than $800. On cross-examination, Temper conceded that this was the value for which he would have sold the laptop when it was new. After the trial court struck his initial testimony as to value, Temper was never asked about and never testified that the computer, in its condition at the time of the theft, had a value in excess of $200.

Ultimately, the trial court found Temper's testimony regarding value sufficient to establish that the laptop was worth more than $200 when it was stolen. Accordingly, the trial court found appellant guilty of grand larceny.

This appeal followed.

ANALYSIS

Appellant challenges the sufficiency of the evidence. Therefore, we must "'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). As noted above, we review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This means the trial court's decision cannot be overturned on appeal unless no "'rational trier of fact'" could have come to the conclusion it did. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319); Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*) ("We let the decision stand unless we conclude no rational juror could have

reached that decision."), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson, 443 U.S. at 318-19). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (internal quotation marks omitted). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006)).

Larceny, a common law crime, is the wrongful or fraudulent taking of another's property without the owner's permission and with the intent to permanently deprive the owner of that property. Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998). Code § 18.2-95 defines the offense of grand larceny. It provides, in part, that "[a]ny person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." Code § 18.2-95.

Appellant does not dispute that he was the thief. Rather, he argues that the evidence was insufficient to prove, beyond a reasonable doubt, that the value of the property he stole was $200 or more. "The value of the goods specified in [Code § 18.2-95] is an essential element of the crime, and the Commonwealth must prove that element beyond a reasonable doubt." Walls v.

- 4 -

Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994).  Further, "[t]he value of the stolen property is measured as of the time of the theft . . . ."  Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483-84 (1997).

"It is well established that 'the opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values.'"  Burton v. Commonwealth, 58 Va. App. 274, 280-81, 708 S.E.2d 444, 447 (2011) (quoting Walls, 248 Va. at 482, 450 S.E.2d at 364).  The witness need only to have had an opportunity to become familiar with the property and to form an opinion as to its true value.  Kerr v. Clinchfield Coal Corp., 169 Va. 149, 155-56, 192 S.E. 741, 743 (1937).

Here, without the stricken testimony, the only evidence of the laptop's value was Temper's testimony that he would have sold the laptop new for more than $800.  There was no evidence to establish how old the laptop was, what its capabilities were when new or at the time of the theft, whether it still worked, what software, if any, was installed on the laptop, what its memory capability was, or any other factor that could be used to allow a factfinder to divine a value for it at the time of the theft.

"'While the original purchase price of an item may be admitted as evidence of its current value, there must also be 'due allowance for elements of depreciation.'"  Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (quoting Gertler v. Bowling, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960)).  As this Court recognized in Lester v. Commonwealth, 30 Va. App. 495, 518 S.E.2d 318 (1999), "technical equipment generally depreciates in value over time and that equipment which does not operate properly has significantly reduced value."  Id. at 505, 518 S.E.2d at 323.

In Dunn, evidence that a 10-year-old typewriter originally had been purchased for $150 was held to be insufficient to establish that it was worth the then statutory threshold of $100 when stolen. 222 Va. at 705, 284 S.E.2d at 792. Although the factfinder knew both the original purchase price and the age of the typewriter, the Supreme Court found that a jury could conclude that it met the statutory threshold only by relying on "speculation and conjecture" because there had been no evidence offered regarding "the effect of age and wear and tear on the value of" the typewriter. Id. at 704-05, 284 S.E.2d at 792. Here, the factfinder did not even know the age of the laptop, let alone have any information about wear and tear or whether the laptop was even operable. Accordingly, the evidence of value was insufficient to demonstrate that the statutory threshold was met.

The Commonwealth conceded at oral argument that, absent Temper's testimony that the laptop was worth more than $200 to him, the evidence was insufficient to establish that the laptop was worth more than $200 at the time of the theft. The Commonwealth argues that although the trial court did strike this testimony initially, it implicitly reversed that ruling in rendering its decision, allowing the testimony to form the basis of the trial court's ultimate finding as to value. We disagree with the Commonwealth.

There is no dispute that the trial court initially struck the testimony, expressly ruling that Temper's initial testimony established the brand of laptop stolen, "but nothing else about value." The trial court never expressly revisited this ruling. The Commonwealth's position that the trial court implicitly reversed itself is based on the Commonwealth's argument at trial in response to a

- 6 -

motion to strike the evidence after the close of the Commonwealth's evidence.[2]  That argument

referenced both Temper's testimony that the laptop was worth more than $200 to him and that it

was worth more than $800 new.  In denying the motion to strike, the Court noted that it was

doing so based on what the Commonwealth had "said" and that the Commonwealth had "proved

value of over two hundred dollars on the evidence."

The better reading of the record is that the trial court, in denying the motion to strike, was

relying on the testimony as to the purchase price of the laptop when new rather than the

reference to the stricken evidence.  It is axiomatic that stricken evidence may not form the basis

for a trial court's conclusion.  Absent some express statement from the trial court that it was

reversing its prior evidentiary ruling, we will not assume that the trial court based its decision on

testimony that it had stricken.  See Mason v. Commonwealth, 219 Va. 1091, 1097-98, 254

S.E.2d 116, 120 (1979) ("In non-jury cases, it will be presumed that[,] . . . in the absence of an

affirmative showing to the contrary, that only material and competent evidence is considered."

(citations omitted)).

As noted above, the Commonwealth conceded that, without the stricken testimony, the

evidence failed to establish that the value of the laptop at the time of the theft met the statutory

threshold.  While we are not bound by this concession,[3] the concession, coupled with the utter

---

[2] The Commonwealth noted on brief that appellant made a motion to reconsider at the sentencing hearing conducted nearly five months after the trial.  In denying the motion to reconsider, the trial court referenced the previously stricken testimony as well as the testimony that the laptop was worth more than $800 when new.  Although the matter was still within the breast of the trial court at the sentencing hearing, we find the trial court's statement at the sentencing hearing insufficient for us to infer an implicit reversal of the ruling striking the testimony at the trial.

[3] This Court is "not bound by concessions of law by the parties."  Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*), aff'd on other grounds, 273 Va. 410, 641 S.E.2d 77 (2007).

lack of evidence about the condition and capabilities of the laptop at the time of the theft, makes clear that the evidence was insufficient to support appellant's conviction for grand larceny.

Having found that the conviction for grand larceny must be reversed, we must remand the case to the trial court for further proceedings. Appellant's brief seeks only to have the matter "remanded back to the trial court for sentencing on the charge of petit larceny." Although the evidence at trial supports such a result, the Virginia Supreme Court's decision in Britt v. Commonwealth, 276 Va. 569, 576, 667 S.E.2d 763, 766-67 (2008), precludes that resolution on the record before us.

In Britt, the Supreme Court set aside a conviction for grand larceny after finding that the evidence did not establish that the value of the goods stolen met the $200 statutory threshold. In overturning the conviction, the Court directed

> that the case be remanded to the circuit court for a new trial on a charge of petit larceny if the Commonwealth be so advised. We do not remand solely for imposition of a new sentence on the lesser offense as we did in Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318 (2006), because here, unlike in South, *both* parties have not consented to that relief.

Id. (emphasis added).

Here, although appellant has affirmatively consented to remand for sentencing on the lesser-included offense, the record is silent as to whether the Commonwealth consents. Given these circumstances, it may be logical to assume that the Commonwealth would consent; however, we read Britt as requiring an affirmative indication of consent on the record. Without such an indication in the record before us, we must, consistent with Britt, remand the matter to the trial court for a new trial on the lesser-included offense of petit larceny if the Commonwealth be so advised.

CONCLUSION

For the foregoing reasons, we find, based on the evidence, that the trial court could not reasonably conclude that the value of the computer at the time of the theft was greater than $200. Accordingly, the judgment of the trial court is reversed, and we remand the case to the trial court for a new trial on the lesser-included offense of petit larceny should the Commonwealth be so advised.

<u>Reversed and remanded.</u>