COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, O'Brien and AtLee
Argued at Fredericksburg, Virginia

ANDREW LAMONT SPRATLEY

v.      Record No. 1715-17-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARY GRACE O'BRIEN
OCTOBER 9, 2018

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Douglas L. Fleming, Jr., Judge

Wayne L. Kim (Law Office of Wayne L. Kim, P.L.L.C., on briefs),
for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

PUBLISHED

Andrew Lamont Spratley ("appellant") appeals his conviction for felony destruction of

personal property, in violation of Code § 18.2-137. Appellant contends that "[t]he trial court erred

when it held that the Commonwealth sufficiently established that the fair market replacement value

of a scale exceeded $1,000.00 for a felony conviction." For the reasons that follow, we affirm.

BACKGROUND

On January 21, 2016, while arguing with a female companion in a Wegmans grocery store,

appellant "deliberate[ly]" pushed over a KH-100 Bizerba scale and a display of merchandise. The

scale "crashed to the floor" and shattered into multiple pieces. Before the incident, the scale was

functioning properly; customers were using it to weigh merchandise and print labels.

The scale was unrepairable. A Wegmans asset protection specialist testified that she sent a

request for a new KH-100 Bizerba to the Wegmans corporate office, but the request could not be

fulfilled because the scale is no longer manufactured. Instead, Wegmans replaced the Bizerba with

a Mettler Toledo scale. The new Mettler scale had the same design and layout as the Bizerba, operated in the same manner, but was merely a different model. The new scale cost $4,090.

At the conclusion of the Commonwealth's case, appellant moved to strike on the ground that the prosecution did not prove the fair market replacement value of the Bizerba scale. The court denied the motion. It found that Wegmans was unable to obtain an exact replacement for the shattered scale because the manufacturer no longer produced that model. The court noted that the Bizerba and Mettler scales were "virtually identical" and found that purchasing the Mettler scale "was [the] only viable option . . . for replacement." Appellant unsuccessfully renewed his motion at the conclusion of the case, and the court convicted him of felony destruction of personal property. The court also denied appellant's motion to set aside the verdict and instead convict him of misdemeanor destruction of personal property.

ANALYSIS

Appellant asserts that the court erred by finding that the Commonwealth proved the fair market replacement value of the Bizerba scale. He contends that the evidence concerning the price of the Mettler scale merely showed the "replacement cost" of the Bizerba, not the "fair market cost of repair" or "fair market replacement value," as required by Code § 18.2-137.

Upon a review of a challenge to the sufficiency of the evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We will only reverse the trial court's judgment if it is "plainly wrong or without evidence to support it." Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680). We conduct a *de novo* review of statutory construction. Baker v. Commonwealth, 284 Va. 572, 576,

733 S.E.2d 642, 644 (2012). "The primary objective of statutory construction is to ascertain and give effect to legislative intent." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). Therefore, we review the court's statutory interpretation of the term "fair market replacement value," as used in Code § 18.2-137, *de novo*.

Code § 18.2-137(B) punishes the intentional destruction of property as:

> (i) a Class 1 misdemeanor if the value of or damage to the property . . . is less than $1,000 or (ii) a Class 6 felony if the value of or damage to the property . . . is $1,000 or more. The amount of loss caused by the destruction . . . of such property . . . may be established by proof of the fair market cost of repair or *fair market replacement value.*

(Emphasis added). The parties do not contest that the scale was unrepairable. This appeal requires us to interpret the words "fair market replacement value" as used in Code § 18.2-137, an issue of first impression.

Appellant contends that to establish the fair market replacement value, the Commonwealth was required to prove the actual value of the Bizerba scale at the time it was destroyed. To support his argument, he cites cases addressing the determination of value for a stolen item in grand larceny offenses. See Little v. Commonwealth, 59 Va. App. 725, 722 S.E.2d 317 (2012); Baylor v. Commonwealth, 55 Va. App. 82, 683 S.E.2d 843 (2009). Larceny, like destruction of property, is a crime that differentiates between a felony and a misdemeanor based on the dollar amount of the loss. See Code §§ 18.2-95, -96. However, unlike Code § 18.2-137, neither larceny statute provides a mechanism to establish the "amount of loss." Instead, various valuation methods have developed in the case law.

In larceny cases, "[t]he value of the stolen property is measured as of the time of the theft." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). We have previously addressed the relationship among replacement value, market value, and actual value of property in larceny prosecutions. See, e.g., Grimes v. Commonwealth, 62 Va. App. 470, 476-79, 749 S.E.2d

218, 221-22 (2013). The "market value" or "actual value" of an item takes into consideration factors such as age, condition, and depreciation. See id. at 477-78, 749 S.E.2d at 221-22. See also Little, 59 Va. App. at 731, 722 S.E.2d at 320. Although replacement value may be considered in establishing actual value, it is not a substitute for market value. Grimes, 62 Va. App. at 477, 749 S.E.2d at 221.

Appellant relies on the larceny case of Baylor v. Commonwealth, 55 Va. App. 82, 683 S.E.2d 843 (2009), to support his argument that the Commonwealth did not meet the statutory requirements for a felony conviction under Code § 18.2-137. In Baylor, stolen catalytic converters had no market value because they could not legally be resold in Virginia. Id. at 88, 683 S.E.2d at 845-46. This Court held that because the stolen items had no market value, their actual value must be shown. Id. at 88, 683 S.E.2d at 846. The only evidence presented to establish actual value was the cost of replacing the catalytic converters. Id. at 88-89, 683 S.E.2d at 846. We agreed with the defendant that evidence of the cost to replace the stolen items was insufficient to prove their value at the time of the theft, and we reversed the conviction. Id. at 88-90, 683 S.E.2d at 846-47.

Here, the Commonwealth acknowledges that if appellant had been charged with grand larceny, evidence of the cost of the Mettler scale alone would have been insufficient to establish the actual value of the destroyed item. Unlike the larceny statutes, however, Code § 18.2-137 provides a specific method for the Commonwealth to establish the value of the destroyed property, "by proof of the . . . fair market replacement value."

Use of the word "replacement" in the statute is significant. In other statutes, the General Assembly used the phrase "fair market value." See, e.g., Code § 2.2-419 (defining, for purposes of regulating government lobbyists, "fair market value" as "the price that a good or service would bring between a willing seller and a willing buyer in the open market after negotiations"); Code § 8.01-419.1 (concerning evidence admissible to demonstrate "fair market value" of motor

vehicles); Code § 59.1-148.3(B) (allowing certain law-enforcement officers to purchase their service handguns upon retirement for a "price equivalent to the weapon's fair market value"). We presume that the legislature chooses statutory language with care, and "[w]hen the General Assembly uses two different terms, it is presumed the terms are to mean two different things." Brown v. Commonwealth, 284 Va. 538, 545, 733 S.E.2d 638, 641 (2012).

Appellant asks this Court to adopt a reading of the statute that would essentially omit the word "replacement" from the term "fair market replacement value." "We strictly construe penal statutes against the Commonwealth but 'will not apply "an unreasonably restrictive interpretation of the statute" that would subvert the legislative intent expressed therein.'" Testerman v. Commonwealth, 57 Va. App. 164, 167, 699 S.E.2d 522, 524 (2010) (citation omitted) (quoting Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002)). The term "replacement" contemplates the cost of obtaining a substitute item to take the place of the original, destroyed item. Inclusion of this term in the statute allows a specific inquiry into the value of the substitute item to establish the "amount of loss."

Therefore, the Commonwealth was permitted to prove felony destruction of property with evidence that the cost of replacing the original scale with an equivalent substitute was at least $1,000. By establishing that Wegmans purchased a Mettler Toledo scale for $4,090 to replace the KH-100 Bizerba and that the two models were "virtually identical," the Commonwealth met its burden. Accordingly, we hold that the court did not err, and we affirm appellant's conviction.

Affirmed.