Present: All the Justices

ANDREW LAMONT SPRATLEY

v. Record No. 181452

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUSTICE DONALD W. LEMONS
DECEMBER 12, 2019

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals of Virginia ("Court of Appeals") erred when it determined that the evidence presented at the trial of Andrew Lamont Spratley ("Spratley") in the Circuit Court of Loudoun County ("circuit court") was sufficient to affirm his conviction for felony destruction of property.

I. Facts and Proceedings

A. The Evidence at Trial

A grand jury indicted Spratley for felony destruction of property of a value of $1,000 or more, in violation of Code § 18.2-137, based on his alleged destruction of an electronic grocery store scale. Spratley pleaded not guilty and a one-day bench trial was held.

At trial, Katey Stanbridge ("Stanbridge"), an asset protection specialist for a Wegmans grocery store in Sterling, Virginia, testified that on January 21, 2016 she observed Spratley and a female companion having "a strong discussion" on the store's camera system. When asked if Spratley and his companion were arguing, Stanbridge explained that the camera system did not record sound, but that "[h]ands were moving around" and "[i]t seemed to be a big discussion." During the discussion, Stanbridge saw Spratley "deliberate[ly]" "push over" a "scale," causing it to "hit the floor" and "shatter[]" into "multiple pieces." The scale was unrepairable due to a "software issue."

According to Stanbridge, prior to breaking, the scale "was working correctly" and customers were using it to "print off labels." The broken scale, a "KH-100 Bizerba," was "no longer being manufactured." As a result, Wegmans "had to replace it with a newer model, a Mettler Toledo," which cost $4,090. Stanbridge explained that another Wegmans employee, Vince Fragassi, ordered the Mettler Toledo using "STARS," an "internal program" that Wegmans uses for "all of its ordering." After an order is placed in STARS, Wegmans' "supplier in New York" "sends [] the merchandise." Stanbridge stated that Fragassi orders "all of our scales" and "would know if Bizerbas are available or not." In the STARS request for the Mettler Toledo, which was admitted into evidence over Spratley's objection, Fragassi wrote "[n]o Bizerba scales available to replace the scale that was damaged."

Stanbridge further testified that the Mettler Toledo "work[s] the exact same way," has "the same design and layout," and "[p]erforms the same functions" as the Bizerba. She added that the Mettler Toledo is "just a different model." When asked if the Mettler Toledo "essentially did replace [the Bizerba] exactly, just a different name plate," Stanbridge answered "correct."

When the Commonwealth rested, Spratley moved to strike the evidence, arguing that the Commonwealth failed to establish the value of the Bizerba was $1,000 or more, as required for a felony conviction under Code § 18.2-137. Spratley claimed that the Commonwealth was required to prove the "fair market value" of the Bizerba at the time of its destruction. Because the Commonwealth did not present "evidence of how old the scale was," "how much it [had] depreciated," and the original purchase price, Spratley maintained that the Commonwealth had failed to meet the statutory threshold for a felony conviction and asked the court to "proceed as a misdemeanor."

The Commonwealth responded that if Spratley was charged with grand larceny, it would be required to prove the fair market value of the Bizerba. However, the Commonwealth asserted that under Code § 18.2-137, it could prove "the amount of loss caused by [the] destruction" of property by establishing its "fair market replacement value." The Commonwealth acknowledged that the "value of the [Bizerba] scale may very well have been under the $4,0[9]0 that the new [Mettler Toledo] cost," but contended that "[w]hat matters is how much [the Bizerba] costs to replace." Claiming that its evidence established that the cost of the Mettler Toledo was more than the $1,000 threshold, and that the Mettler Toledo was "the exact same scale" as the Bizerba "other than the name on it," the Commonwealth argued that it presented "more than enough evidence [] to overcome the motion to strike."

Spratley countered that while Code § 18.2-137 permitted the Commonwealth to prove the value of destroyed property by establishing its "fair market replacement value," the Mettler Toledo was "not a replacement." Spratley asserted that the Mettler Toledo was "a different scale" and no evidence showed it was "not an upgrade." Spratley also argued that the Commonwealth "did not produce evidence that there was no [Bizerba] KH-100 available." Rather, the "evidence before the court" established that "Wegmans went to [] their one supplier," and that "one supplier did not have a Bizerba KH-100."

The circuit court denied the motion to strike. The circuit court explained that "the evidence here is there is no fair market replacement value for the Bizerba scale because it's not available. It doesn't exist." Consequently, Wegmans "paid the replacement value for a different make, model with the same functionality as the Bizerba scale that looked the same, had the same design layout, and worked the same way." Based on this evidence, the court determined that whether a scale of the "same make and model [w]as available," and, if not, "what would be a

3

reasonable replacement" were issues for the "fact finder."

Spratley did not present evidence. He renewed his motion to strike at the close of all evidence, reiterating his previous arguments and adding that no evidence showed Wegmans looked for a "used" scale before buying a "new" scale to replace the Bizerba. During his argument, the circuit court asked about the meaning of the statement, "No Bizerba scales available to replace the scale that was damaged," which was written in the STARS request for the Mettler Toledo. Spratley responded that Stanbridge testified Wegmans "checked with [its] supplier in New York" for a Bizerba, and that the "statement [was] from [its] supplier." Therefore, Spratley argued the evidence showed Wegmans' supplier did not have a Bizerba, not that no Bizerbas were available "out on the market." The circuit court denied the motion to strike.

After hearing closing argument, the circuit court found Spratley guilty of felony destruction of property. The circuit court determined, based on Stanbridge's testimony, that the Mettler Toledo was "an appropriate replacement" because it "performs the same function," has "the same design layout," and is "the same except for [] the model number and name plate" as the Bizerba. Accordingly, the circuit court found "the fair market replacement value of the [Bizerba] [wa]s in excess of $4,000."

B. Motion to Set Aside the Verdict

Spratley filed a motion to set aside the verdict, arguing that the Commonwealth had failed to establish the "fair market replacement value" of the Bizerba. He contended that the Commonwealth had only presented evidence of the "replacement cost" of the Bizerba, and that "the cost of a brand new scale does not reflect what value the old scale was worth." Consequently, he asserted that the circuit court had erred by "focus[ing] on whether a

4

replacement can be found and the cost of that replacement," rather than "the value of the object destroyed."

In its response, the Commonwealth maintained that "[r]eplacement value is the amount it costs to replace an item," and, therefore, the "fair market replacement value" of the Bizerba was $4,090, the cost of the Mettler Toledo. The Commonwealth acknowledged that the "replacement scale was of a different brand," but observed that the evidence established it "was purchased through Wegmans['] normal supplier" and "was the same in every respect except[] the manufacturer's name plate."

After hearing argument on the motion, the circuit court issued a letter opinion and order denying the motion to set aside the verdict. Agreeing with the Commonwealth, the circuit court determined that "[r]eplacement value is the amount it costs to replace an item," while "fair market value is concerned with the actual value of old items, including the[ir] age and condition." The circuit court further determined that under Code § 18.2-137, "no inferences need be drawn from the replacement value to prove the amount of loss caused by the property's destruction. The replacement value itself suffices to establish the $1,000 minimum for felony destruction of property." Because the evidence established that the Mettler Toledo "was purchased at a cost $4,090" and "was virtually identical" to the Bizerba, the circuit court concluded that "the Commonwealth's evidence was [] sufficient to support [Spratley's] conviction of felony destruction of property." The circuit court later sentenced Spratley to two years' imprisonment, with all but three months suspended.

C. Court of Appeals Opinion

The Court of Appeals affirmed Spratley's conviction by published opinion. *Spratley v. Commonwealth*, 69 Va. App. 314 (2018). In construing the phrase "fair market replacement

value" in Code § 18.2-137, the Court of Appeals determined that "[t]he term 'replacement' contemplates the cost of obtaining a substitute item to take the place of the original, destroyed item." *Id*. at 320. "Therefore, the Commonwealth was permitted to prove felony destruction of property with evidence that the cost of replacing the original scale with an equivalent substitute was at least $1,000." *Id*. The Court of Appeals concluded that "[b]y establishing that Wegmans purchased a Mettler Toledo scale for $4,090 to replace the KH-100 Bizerba and that the two models were 'virtually identical,' the Commonwealth met its burden." *Id.*

Spratley subsequently appealed to this Court, and we granted an appeal on the following assignment of error:

> The trial court erred when it held that the Commonwealth sufficiently established that the fair market replacement value of the scale exceeded $1,000 for a felony conviction.

## II. Analysis

### A. Standard of Review

When reviewing the sufficiency of the evidence to support a conviction, "the relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010). The "judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). We review questions of statutory construction de novo. *Baker v. Commonwealth*, 284 Va. 572, 576 (2012). Accordingly, we review de novo the Court of Appeals' interpretation of the phrase "fair market replacement value" in Code § 18.2-137. By contrast, we review "with the highest degree of appellate deference" the circuit court's

6

finding that the fair market replacement value of the Bizerba was $1,000 or more. *Bowman v. Commonwealth*, 290 Va. 492, 496 (2015).

## B. Code § 18.2-137

In his sole assignment of error, Spratley asserts that the evidence presented at trial was insufficient to support a felony conviction under Code § 18.2-137, because the Commonwealth failed to prove the fair market replacement value of the Bizerba was $1,000 or more. The statute provides in relevant part:

> A. If any person unlawfully destroys, defaces, damages or removes without the intent to steal any property, real or personal, not his own, . . . he shall be guilty of a Class 3 misdemeanor[.]
>
> B. If any person intentionally causes such injury, he shall be guilty of (i) a Class 1 misdemeanor if the value of or damage to the property, memorial or monument is less than $1,000 or (ii) a Class 6 felony if the value of or damage to the property, memorial or monument is $1,000 or more. *The amount of loss caused by the destruction*, defacing, damage, or removal of such property, memorial or monument *may be established by proof of the* fair market cost of repair or *fair market replacement value*.

Code § 18.2-137 (emphases added). Spratley maintains that to establish the "fair market replacement value" of destroyed property, the Commonwealth must prove the "fair market value" of the property prior to its destruction. He argues that "[w]ithout any evidence [of] the age of the Bizerba, the price of the Bizerba[,] or the wear and tear o[n] the Bizerba," the circuit court could not "reasonably infer that the cost of the Mettler [Toledo] closely approximated the actual loss to Wegmans." To support this argument, Spratley relies on cases that address the value of stolen property in grand larceny cases.

Larceny is an offense that differentiates between a felony and misdemeanor based on the value of stolen property. *See* Code § 18.2-95 ("Any person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $500 or more . . . shall be guilty

7

of grand larceny."); Code § 18.2-96 ("Any person who . . . commits simple larceny not from the person of another of goods and chattels of the value of less than $500 . . . shall be deemed guilty of petit larceny."); *Dunn v. Commonwealth*, 222 Va. 704, 705 (1981) ("In a grand larceny prosecution, the burden is upon the Commonwealth to prove beyond a reasonable doubt that the value of the goods stolen equals at least the amount fixed by statute in definition of the offense."). In determining the value of stolen property:

> The test is market value, and particularly retail value. *See People v. Irrizari*, 156 N.E.2d 69, 71 ([N.Y.] 1959). "[F]air market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing." *Board of Supervisors v. Donatelli & Klein, Inc.*, 228 Va. 620, 628 (1985). And the original purchase price of an item is admissible as evidence of its current value.

*Robinson v. Commonwealth*, 258 Va. 3, 5-6 (1999). "While the original purchase price of an item may be admitted as evidence of its current value" in a grand larceny case, "there must also be 'due allowance for elements of depreciation,'" including "a showing of the effect of age and wear and tear on the value of [the] item." *Dunn*, 222 Va. at 705 (quoting *Gertler v. Bowling*, 202 Va. 213, 215 (1960)).

Unlike larceny statutes, Code § 18.2-137 provides that the "amount of loss" caused by the destruction of property "may be established by proof of the . . . fair market replacement value." As the Court of Appeals observed, the "term 'replacement' contemplates the cost of obtaining a substitute item to take the place of the original, destroyed item." *Spratley*, 69 Va. App. at 320. Consequently, we reject Spratley's contention that the Commonwealth was required to prove the "fair market value" of the Bizerba to establish its "fair market replacement value." Spratley's interpretation of Code § 18.2-137 would render the term "replacement" meaningless. *See Owens v. DRS Auto. FantomWorks, Inc.*, 288 Va. 489, 497 (2014) ("We adhere to rules of statutory

8

construction that discourage any interpretation of a statute that would render any part of it useless, redundant or absurd.  Instead, we seek to read statutory language so as to give effect to every word.").  Accordingly, the Commonwealth was not required to present evidence of the age, depreciation, or original purchase price of the Bizerba to establish its fair market replacement value.

The circuit court's finding that the fair market replacement value of the Bizerba was $1,000 or more is neither plainly wrong nor without evidentiary support.  Stanbridge testified that the Mettler Toledo "work[s] the exact same way," has "the same design and layout," and "[p]erforms the same functions" as the Bizerba.  Stanbridge also testified that Wegmans purchased a Mettler Toledo because "[t]he Bizerba is no longer being manufactured."  This testimony supports the circuit court's finding that the Mettler Toledo was an "appropriate replacement" for the Bizerba.  The Mettler Toledo cost $4,090, an amount in excess of the $1,000 threshold for felony destruction of property under Code § 18.2-137.  Therefore, the Court of Appeals did not err in upholding Spratley's conviction for felony destruction of property.

III.  Conclusion

For the reasons stated, we will affirm the judgment of the Court of Appeals.

*Affirmed.*

9